Thank you. Our next case for this morning is United States v. O'Malley. Ms. Eisenman. May it please the court, Vanessa Eisenman on behalf of the defendant appellant Duane O'Malley. This court requested briefing on two issues, but because the government has conceded error regarding... Could you speak a little louder? I'm having trouble here. I apologize, Judge Posner. Because this court requested briefing on two issues, and because the government has conceded error on the second issue, unless this court has any questions, I'd like to primarily discuss the first issue that this court identified, that being the district court's legally erroneous conclusion that claims based on Brady and Giglio can never be brought pursuant to a Rule 33 motion based on newly discovered evidence, but instead needs to be brought in a 2255 petition. In support of the district court's conclusion, it did not rely on the text of Rule 33 or 2255. It relied on this court's decision in Evans. The government contends that Evans is indistinguishable from Mr. O'Malley's case. Respectfully, we disagree. In Evans, the defendant had lost both his direct appeal and his first 2255 petition, and then attempted to bring a Rule 33 motion. In Mr. O'Malley's case... So obviously in Evans, the time for a timely Rule 33 motion vis-à-vis the original trial had elapsed? Was it within three years? I'm sorry, Judge. I don't know the answer to that question. It probably had. I mean, what you're arguing, if I understand you correctly, is that there are certain places where there's actually an election of remedies, that two things are on the table and the defendant can go with one or the other. Sometimes that's 60B and 2255. Sometimes that's Rule 33 and 2255. Now, certainly if he chooses the Rule 33 route, he's precluded, I should think, from pursuing the same claim in a 2255 because of the law of the case. That's certainly the rule that we follow for ineffective assistance of counsel that's raised in the original trial. So you would agree with that? Yes, I would, Your Honor. So there's no question of duplication of issue. There's only a question of the correct procedural vehicle. That's correct. But I agree with Your Honor that when there's overlap, clear overlap that his claims would fit the scope of Rule 33 and 2255, he has an election of remedies. He can do that. But as Your Honor said, whichever one he picks, that's his shot, and that's his one shot at the merits of it. And beyond that, if he's going to then try to bring these same claims under 2255, then he's going to lose because it's the ones that he had already brought. But it's his choice because the rule provides for three years, and the three years definitely contemplates that some of these motions would come after the expiration for direct appeal. So there's nothing about the rule. Of course he doesn't get to choose Rule 33 if it's an obvious attempt to file an unauthorized successive collateral attack, right? Yes. I would agree with that. For purposes of this case, Your Honor, I think that Mr. O'Malley can concede that. From my perspective, if it's within the rule, he gets to bring it. But in Mr. O'Malley's case, you need not go that far because he didn't try to do that. He didn't bring another 2255. This was his first shot at these claims. He had newly discovered evidence. He's asking for a new trial. And it's within three years. So nothing about that says that he has to go under 2255. In actuality, if this court somehow needed to find that there could be no overlap and these two vehicles are mutually exclusive, I would argue that his fits better with Rule 33 because he is bringing a claim based on newly discovered evidence, which is very specific to Rule 33, and he's asking for a new trial. Two things that 2255 are not specific about. And he's subject to the interests of justice standard under Rule 33. That's correct. Could you explain to me why he thinks, or why a person might think, whatever he thinks, that Rule 33 is the better vehicle here for his claim? Sure. First of all, kind of what I was saying before, I think it's a more specific fit to his claim because newly discovered evidence is specifically mentioned in Rule 33. Beyond the 14 days, that's what the rule contemplates. So I think that those claims and the test, the four-part test that this court has for newly discovered evidence, is a nice fit for that. He has newly discovered evidence, and we have a test for that, so why don't we do that? Plus, it's no great surprise, or we're not trying to hide anything. You don't have all the AEDPA requirements. Well, which takes me to my other question for you. The rationale on which the government is relying is really that Congress was trying in AEDPA to reduce wasteful, time-consuming procedures in these cases, and one of the ways it did it was through the strict requirements that AEDPA imposes, even on 2255s, never mind 2254s. And that was what led us to say, look, we don't really care what a prisoner calls a motion. They can call it a motion to fly to the moon if they want to. If it's in substance, a 2255, then we're going to treat it that way, and it's going to count as your first 2255, and it's going to have the substantive limitations, and so forth. Aren't you arguing for a rule that in part evades these very deliberate restrictions? No, I don't believe so, Your Honor, because I agree with everything that you said. I have no problem with the substance trumps form principle. No problem with that. But I think this court in Boyd really made a nice distinction there in saying that, yes, if this is only within the scope of 2255, yes, then I don't care what you call it. It's a 2255. And most of the time we're not going to have overlap between these claims because these are distinct procedural vehicles and they tend to kind of go into one area. So if you're past the time to do a Rule 33, it's going to be a 2255 if it fits those requirements. But where there is overlap, as this court said in Boyd, then the defendant has a right to have his claims pursued under a rule where it fits in that scope. And here Mr. O'Malley's claims fit under the scope. And I believe that this court's substance over form rule is for most of the claims that defendants end up filing, which is, no, no, you really didn't mean that. It doesn't fit. Like in Boyd, it was an apprendi claim and it couldn't have been brought under the old Rule 35A. It had to have been brought under 2255. So that made sense in that case. So we're not advocating to totally undo what is established Supreme Court precedent. What we're saying is that where there is this little bit of overlap here, and, again, some claims are going to be in Rule 33, some are just going to be in 2255, but there's this little bit of overlap here because of the three-year provision of the rule. So you're essentially saying, fine, let's do substance, but sometimes substance leads you to an overlap of remedy. Yes, I agree with that. The overarching principle is substance, no change to that rule. If there's an overlap, then the defendant gets his choice because there's nothing, you know. When AEDPA was enacted, Rule 33 was on the books and it said two years from some sort of final judgment, which courts had uniformly interpreted as being some action by the Court of Appeals. So that contemplates that there are going to be some collateral tax in there. Then after AEDPA comes in, doesn't say anything about Rule 33, and then two years later, Rule 33 is amended again to go with three years, I would presume, to make it a little bit more clear exactly what we're measuring it from. It's three years from the verdict. But three years still contemplates that you're going to have some overlap between these claims. So there were lots of chances for Congress to make this explicit. Well, you have the supersession clause for the rules as well. May I reserve the rest of my time for rebuttal? All right, okay, thank you. Ms. Boyle. May it please the Court, Catherine Boyle for the United States. Your Honor, I'd first like to just briefly note an issue that has not been discussed yet today. It's a timing issue. I just wanted to state briefly and for the record that the government maintains its argument and has not waived its argument that the notice of appeal for the order denying the Rule 33 motion was untimely. The time limit for the extension to file a notice of appeal in 4B4 had passed. That's not a jurisdictional issue. That's a mandatory issue, and the Court should enforce the time limit whenever, as here, the appellee stands on its rights. To move to the 2255. I'm really bothered by the proposition in Evans that the enactment of 2254 effaced a federal rule without any reference to it. I mean, you can imagine where this leads. Anytime Congress enacts a law relating to litigation in some way, you would say, well, now look at all these rules we have. Maybe there, maybe Congress doesn't like these, wouldn't like these rules if it thought about it because these rules are actually, you know, overlap the new statute. Wouldn't that be strange? I understand your concern, Your Honor. I mean, every rule would sort of be at risk. I think in this case, Congress was trying to make a rule. Look, I don't understand. And they didn't mention Rule 33, did they? In Edmunds? This is not about what Congress should do, would do, so on. But is it proper to infer the overruling of another provision of law just from the fact that there is tension, overlap, contradiction? I mean, where does that stop, right? Your Honor, I believe with ADPA, Congress's intention was, as Judge Wood said earlier, was to limit the repeated bringing of constitutional claims. Of claims that fall within 2255. I mean, there's actually an even stronger point to make that I quickly alluded to a minute ago, following up on what Judge Posner said, which is that Rule 33 is substantially changed in 1998. And if you are a fan of the Rules of Procedure, you will remember that the Rules Enabling Act has a provision in it that says that a new rule supersedes any legislation to the contrary. So whatever happened in 1996 is of no moment, as soon as 1998 comes along, Rule 33 is put into its current form. And normally we try to allow these to live with each other. What's wrong with the idea that there are some procedural overlaps? As I said, this happens in other situations. We let people, we discourage them, but we let people raise ineffective assistance of counsel claims on direct appeal. And occasionally the record's good enough to do that. If the judge had a hearing, usually it isn't. We let them raise them in a 2255. And the Supreme Court in Massaro says, you know, if you wait for the 2255, we're not going to punish you. But it's very clear that it recognizes that these are just two paths that can be taken. Why not just two paths here? He's going to have to get over interests of justice. He is not going to be able to bring it in a later 2255, as Ms. Eisenman has conceded, if he goes the Rule 33 route. Why does the world come to an end when we try to shove all of these into 2255, unless we do that? Yes, Janet. Well, I'd first like to note that the cases we've cited in our brief, Evans, Ruth, Rollins, and Fuller, all of which support bringing constitutional claims under 2255, occurred after 1998. But they're all cases. They're not cases in which this issue was as squarely presented. They're cases in which a fair reading of what the person was presenting showed that it was something within the scope of 2255. And there's another string of cases, this is why we're here, of course, from this court, that have allowed particularly Brady and Giglio claims to be brought under Rule 33. Yes, Your Honor, although I'd point out that none of those cases had explicitly addressed the issue. Well, here we are. But if it's within three years, if it's newly discovered evidence, newly discovered evidence isn't a reason all by itself to grant a Rule 33 motion. It has to be pertinent to something. It has to be pertinent to guilt or innocence or Brady or Batson or Strickland or something. And so you have actually deprived the newly discovered evidence of serving any function. Your Honor, I'd like to note briefly that there are multiple reasons for bringing these types of claims under 2255. First of all, I think if you just go... Could you speak a little louder? Yes, Your Honor. But he's chosen not to. He has chosen. I am having a terrible time understanding the government's position here because the general rule, as has been mentioned, is when overlapping remedies are available, a prisoner isn't permitted to choose which one to invoke. Why in the world should that not apply in this case? I think in this case that would constitute an end run around Section 2255H of AEDPA, which I think is a problem. I also think that this would place people who had gone to trial versus pled guilty in different positions. You'd have a person who... Would do what? It would place somebody who had pled guilty versus having had a criminal trial in different positions with respect to their constitutional law claims. They are in different positions in countless ways. So maybe this adds one to the list, but I don't know that that's wrong. Now, what year was AEDPA enacted? I believe it was April 23, 1996. Wow. Now, isn't it true that the federal district courts were much busier in the 90s? Many more trials. Has the number of trials, civil and criminal, diminished significantly? I believe it has, Your Honor, but that would be also speculation in terms of numbers. I wish you'd speak up. Yes, Your Honor. I believe they have, but I think that I would also be speculating if I were to say for sure. I cannot understand your speech. In terms of numbers. I can't understand you. Can't you enunciate more clearly? Yes, Your Honor. I believe the number of trials have decreased, although I'm not sure of specific numbers. Yes, but doesn't that mean that the concern with sparing the district courts from having to consider, you know, collateral attacks on convictions, hasn't that problem diminished so we don't have to worry as much about district courts being overwhelmed with efforts to undo convictions? Well, Your Honor, I think that if, Your Honor, were to find that a defendant in this position could bring constitutional claims under Rule 33, that would, again, create more cases and more work for the district courts. Is there evidence that Rule 33 is, that prisoners are running amok with Rule 33? Do you have statistics on how many Rule 33 motions are filed? I do not have statistics on that. So how do you know that it's a problem for courts? I think the fact that Congress chose to address it and chose to limit these types of constitutional claims. Well, no, they didn't choose to address Rule 33, right? Yes, Your Honor, although this court and its case law considered Rule 33 and 2255 in the same context. Well, that's Kevins, but then there's, you know, Boyd. I believe Boyd involved Rule 35, and I also just want to say, in terms of stare decisis, absent a good reason, there is no reason for the court to overrule its decisions. Well, there's every reason for us to clarify this area, it seems. Yes. And so the question is, in which direction do we clarify it, yours or Ms. Eisenman's? I think if we want to honor the congressional intent behind ADPA, which was to limit collateral attacks absent extraordinary... It doesn't really do a favor to Congress to, without any evidence, to give an expansive interpretation that actually destroys another piece of, well, a kind of legislation, right? I would disagree that 2255... Does the legislative history of ADPA contain any references to Rule 33? Someone getting up on the floor and saying, well, thank goodness, we've killed Rule 33. We didn't say so, but it's obvious. I'm not aware of that, Your Honor, but I would say that Rule 33 is meant to rectify what would essentially be a factual injustice, whereas 2255 is more aimed at correcting legal error, which may relate to a factual injustice. So I think that that is one of the differentiations here. It is, except for the fact that in Mr. O'Malley's case, anyway, he says that he has found new facts that were unavailable, due diligence, all the rest of those things, that will reveal that there was a Brady-Giglio violation. And very few things are either just law in the complete abstract or facts in the complete abstract, as I was saying. So I'm not sure your line works too well. Your Honor, I also would point out the defendant in this case is not harmed by not bringing his claims under Rule 33. He had not yet filed his Section 2255, so he still had an opportunity to bring the claims you're discussing. Okay. Well, thank you very much. Thank you, Your Honor. Anything further, Ms. Eisenman? Unless this Court has any questions, we'll just rest on our briefs and request that the decision be vacated and the case remanded for further proceedings. Thank you very much. And did you take this case at our request? I did. Thank you so much. We appreciate your help. We appreciate, of course, that from the government.